## John A. Replogle, Defendant in Error, v. Toledo, St. Louis and Western Railroad Company, Plaintiff in Error.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of correct instructions will not reverse where their contents are substantially contained in other instructions given.

Error to the Circuit Court of Coles county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911.

C. E. POPE, for plaintiff in error; CHARLES A. SCHMETTAU, of counsel.

JOHN H. MARSHALL, for defendant in error.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by plaintiff against defendant to recover loss by burning of a clover field and the hay thereon, alleged to have been caused by fire escaping from a locomotive engine passing along defendant's right of way over the farm of the plaintiff. The trial below resulted in a judgment against defendant for $125.

The declaration charges the ownership and operation of a railroad across plaintiff's farm by the defendant railroad company and the permitting of dry grass, weeds, and rubbish to accumulate upon defendant's right of way by means of which fire was communicated from the engine of the defendant to the plaintiff's property, and the damage occasioned. The declaration also charges the running and operation of a railroad engine without having the same equipped with

the latest and most approved appliances for the arrest of sparks and escaping fire, and that by reason thereof fire escaped from the engine and set fire to the property of the plaintiff.

The record discloses that the train passed along defendant's right of way a few minutes before fire was discovered in the field of the plaintiff. The record does not disclose any other means by which fire might have been communicated to the plaintiff's property. The record also shows that the right of way of defendant had accumulations of dry grass and weeds thereon, that fire did burn upon defendant's right of way and that plaintiff's property was destroyed by reason of fire. Defendant contends, however, that the fire, if it escaped from the engine, did not originate upon the right of way of defendant but that it originated in the field of the plaintiff and that the fire which burned upon the right of way of defendant was what is known and commonly called "back fire" and that it was communicated to the right of way from the field of the plaintiff and that defendant's locomotive engine was equipped and provided with the latest and most approved appliances for the prevention of the escape of sparks and fire, and that by reason of these facts, defendant is not liable. While this contention on the part of defendant is correct, it was a question of fact for the jury to determine whether the fire originated upon defendant's right of way or in the field of the plaintiff, and while the evidence upon this question is very close and while we might not have been willing to find as the jury did upon that question as an original proposition, we cannot say from this record that the finding of the jury upon that question is clearly and manifestly against the weight of the evidence, and in that condition of the record, this court should not disturb the finding of the jury.

Appellant in its argument makes no criticism of any instruction given on behalf of appellee except the sec-

ond, and the argument presented against this instruction and the criticism made of it seem to be rather far-fetched and merely a play upon the use of the words, "combustible material;" we see no error in the giving of this instruction and the defendant was certainly not prejudiced by it. Appellant also criticises the action of the court in refusing to give its fourth instruction. The propositions involved in this instruction were fully covered by other instructions given; while not in the same language, the language of instruction number eleven and number three fully cover all of the points attempted to be included in instruction four which was refused. There was no prejudicial error in refusing it.

The judgment is affirmed.

*Affirmed.*